IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-42202-TLS |
| | ) | |
| STEPHANIE D. DENAEYER, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## **ORDER**

Hearing was held in Lincoln, Nebraska, on May 18, 2011, on a motion to dismiss filed by the Chapter 13 trustee (Fil. #92), and a resistance filed by Debtor (Fil. #94). Marilyn Abbott appeared for the Chapter 13 trustee, and Samuel J. Turco, Jr. appeared for Debtor. Subsequent to the hearing, the parties were given the opportunity to file briefs, and they have now done so. Further, the parties filed a stipulation of undisputed facts (Fil. #128).

As discussed below, the court finds that Debtor is ineligible for Chapter 13 relief because her noncontingent, liquidated, unsecured debt on the date of filing of the bankruptcy petition exceeded the statutory limit.

11 U.S.C. § 109(e) provides that "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $360,475 . . . may be a debtor under chapter 13 of this title." Debtor agrees that she had $303,501.93 of noncontingent, liquidated, unsecured debts as of the date of bankruptcy filing. Debtor has two additional debts represented by proofs of claim Nos. 11 and 12 filed by First National Bank of North Platte in the amount of $97,819.55 and $86,812.56, respectively. Both of those claims are based upon a guaranty signed by Debtor. If either of those obligations constitutes noncontingent, liquidated, unsecured debts, Debtor will exceed the debt limit for Chapter 13.

The only issue in dispute is whether the debts represented by proofs of claim Nos. 11 and 12 are "noncontingent." No other element of § 109(e) is in dispute.[1] In her brief, Debtor states:

> The Trustee and the debtor generally agree that corporate debts which a debtor <u>absolutely</u> and <u>unconditionally</u> guarantee do count as unsecured debts for the purposes of 11 U.S.C. 109(e) in cases where a default of the underlying loan has

---

[1] Accordingly, the court does not need to address whether the claims are "liquidated" or "unsecured debts." In fact, Debtor had previously objected to both proofs of claim Nos. 11 and 12 asserting that they should be reclassified as unsecured, nonpriority claims instead of secured claims (since the collateral for the underlying loans was owned by non-debtor entities). Those claim objections were sustained, and the claims were reclassified as general unsecured claims as requested by Debtor.

occurred. The debtor agrees that she did default on the loans to First National Bank North Platte.

Accordingly, Debtor acknowledges that <u>if</u> the guaranties that are the basis of proofs of claim Nos. 11 and 12 are absolute and unconditional guaranties, then Debtor is ineligible for Chapter 13 relief.

The guaranties supporting proofs of claim Nos. 11 and 12 are identical in their basic terms.[2] The guaranties state that "Guarantor absolutely and unconditionally guarantees full and punctual payment and satisfaction of the indebtedness of Borrower . . . ." The guaranties specifically provide that the guaranty may be enforced against the guarantor without exhausting remedies against the borrower. In fact, Debtor acknowledges in her brief that the guaranty agreements do constitute absolute and unconditional guaranties. However, Debtor asserts that the terms of the guaranty agreements conflict with the terms of the contemporaneously signed commercial security agreements. Specifically, Debtor asserts that the commercial security agreements require the collateral for the loan be liquidated before the bank has any right to pursue the guaranty against Debtor. As a result of such alleged conflict, Debtor believes the commercial security agreements should control and that the guaranties are not absolute and unconditional.

Debtor's argument is confusing, at best. The only commercial security agreement in the record is one signed by Denaeyer Chiropractic, LLC, which is attached to proof of claim No. 11-1. Clearly, it is not an agreement to which the guarantor (Debtor) is a party. Instead, the commercial security agreement was executed by the borrower on the underlying obligation, Denaeyer Chiropractic LLC. The commercial security agreement addresses the lender's remedies against its borrower. It does not address the lender's remedies against the guarantor/Debtor. Further, under the express terms of the commercial guaranty documents, Debtor expressly waived any right to require the lender to first pursue collection against borrower or to exhaust its remedies against any collateral. Frankly, that is what makes the guaranties absolute and unconditional. Debtor's argument that the documents are in conflict is not well-taken.

Debtor acknowledges that the guaranties are absolute and unconditional, and does not dispute any of the other elements for inclusion of the debt in the calculation of total unsecured debt for purposes of the debt limit under § 109(e). When the amount of the debt represented by proofs of claim Nos. 11 and 12 ($184,632.11, combined) is added to the total unsecured debt acknowledged by Debtor ($303,501.93), the sum far exceeds the unsecured debt limit of $360,475.00.

---

[2]Claim No. 11 is based upon a commercial guaranty signed by Debtor, which guarantees the obligations of Denaeyer Chiropractic, LLC. Claim No. 12 is based upon a commercial guaranty signed by Debtor, which guarantees the obligations of SDD, LLC. Debtor is a member/owner of both entities.

IT IS, THEREFORE, ORDERED that Debtor exceeds the unsecured debt of § 109(e) and is ineligible for Chapter 13 relief. Accordingly, the trustee's motion to dismiss (Fil. #92) is granted.

DATE: September 12, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
  *Marilyn Abbott
  Samuel J. Turco, Jr.
  United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.